CHARLES E. STEVENS, Doing Business under the Firm Name and Style of CRYSTAL CITY MOTORS, Respondent, v. THE FIRST NATIONAL BANK OF PAINTED POST, Appellant.

Fourth Department, March 6, 1940.

*Vincent J. Welch*, for the appellant.

*W. Earle Costello*, for the respondent.

PER CURIAM. The complaint alleges that plaintiff deposited moneys in defendant's bank; that the defendant charged plaintiff's account with the amount of a draft which was not drawn or authorized by the plaintiff. It is also alleged that this payment by the defendant constituted fraud and that plaintiff has been damaged in the amount of such draft.

There are not any facts alleged which constitute fraud.

The plaintiff now claims that this is an action for a breach of contract.

If a bank has charged to a depositor's account an amount it is not authorized to so charge, undoubtedly, upon the discovery

of such error, the books of the bank will be corrected. If such charge be canceled before any of the depositor's checks or orders have been dishonored then the depositor has not been harmed thereby. Therefore, when such error has been made a depositor may not sue a bank for the amount of his deposit until he has made a demand upon the bank for the repayment thereof. (*Crawford* v. *West Side Bank*, 100 N. Y. 50; *Gibraltar Realty Corp.* v. *Mount Vernon T. Co.*, 276 id. 353, 356; *Sundail Construction Co.* v. *Liberty Bank*, 277 id. 137.)

In *Crawford* v. *West Side Bank* (100 N. Y. 50) it was said that a bank receives a depositor's moneys upon the implied condition of paying them out according to his order.

In *Gibraltar Realty Corp.* v. *Mount Vernon T. Co.* (276 N. Y. 353, 356) it was said that the relation between a bank and a depositor is that of debtor and creditor; that the bank is bound by an implied contract to repay the deposit on the depositor's demand or order.

In *Sundail Construction Co.* v. *Liberty Bank* (277 N. Y. 137) it was held that a bank holds the depositor's moneys subject to be paid out upon his order in accordance with the terms and conditions imposed by him.

The complaint herein does not contain any allegation of a demand.

Each of the complaints in the *Crawford* case (*supra*), the *Gibraltar* case (*supra*) and the *Sundail Construction Co.* case (*supra*), as well as the case cited by plaintiff (*Shipman* v. *Bank State of N. Y.*, 126 N. Y. 318), contains an allegation that a demand for repayment of the moneys deposited by plaintiff had been made prior to the commencement of the action.

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion of the defendant to dismiss the complaint should be granted, without costs, with leave to the plaintiff to serve an amended complaint within ten days after the service of a copy of this order upon payment of the costs of this appeal.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order entered herein and upon payment of the costs of the appeal.